THE CENTRAL RAILROAD AND BANKING Co. *v.* ATTAWAY.

1. Where the declaration alleged that the plaintiff was injured by the defendant's negligence in using certain defective tools, the court was authorized to charge as to negligence in using them in an unskillful manner, especially as the plaintiff was allowed to introduce evidence on this point without objection.

2. Where the testimony of witnesses is conflicting, it is not error for the court to instruct the jury that they should believe the witness or witnesses whom they consider most worthy of belief, and that in order to arrive at a conclusion as to which are most worthy of belief, they may look to the manner of the witnesses while testi-

fying, their means of knowledge as disclosed by the evidence, and their bias or prejudice if any has been shown by the testimony, and should see to what extent they have been impeached or corroborated, if at all.

3. Where it appeared from the evidence that the plaintiff was one of several hands engaged in using the tools which were alleged to have caused the injury, though not actually using them himself when the injury occurred, but merely standing by ready to assist the others who were using them, it was not error as against the defendant for the court to charge as if the plaintiff was using. them.

4. Where an employer furnishes tools to his employees which are reasonably safe if used in a proper manner, and an employee is injured by their use in some improper manner which he could not have foreseen, a charge that he could not recover if he could have avoided the consequences of the employer's negligence by the use of ordinary care, would not be applicable, because no one who is himself free from fault is bound by this rule unless he sees the danger or has reason to apprehend the same.

5. The court did not err in refusing a new trial.

January 4, 1893.

Negligence. Evidence. Charge. Master and servant. Before Judge Ross. City court of Macon. June term, 1892.

Attaway sued the railroad company for damages on account of injuries alleged to have been caused by a piece of steel which flew into his eye in consequence of the negligent use of defective tools by the boss or overseer under whom he was working as an employee of the defendant. It appeared from the evidence that on the day of the injury, the plaintiff, who was a track-hand, was engaged together with other employees, under the supervision of the section-boss, in repairing the defendant's track. It became necessary to put a piece of new rail in place of one that was defective, and to do this they had to cut the new rail. For this purpose it was customary to use a "cold chisel," a steel implement somewhat in the shape of a hammer, the handle of which was held by one person in order to keep the edge of the chisel in place on the rail, while another

person struck the head or broad part with a sledge or spike-hammer. According to the testimony of the plaintiff and his witnesses, the chisel in use on this occasion was in bad order, the head of it having become battered and "frazzled" by reason of long use; and the hammer used for striking it was a spike-hammer, which was smaller and lighter than the sledge-hammer ordinarily used, and was defective in having its face broken and battered. In view of this condition of the tools, one had to be very careful in striking the chisel. It was scarcely fit to work with, though with proper care it might have been used without danger. It ought to have been struck slowly, for if a person strikes rapidly, he is apt to hit the chisel on the edge. While the plaintiff had this chisel in his hand and was about to place it on the rail, preparatory to cutting, the boss under whose direction he was working snatched it from his hand, and placing it on the rail himself, said quickly to another employee who was standing by with a spike-hammer, "Hit it, hit it, hit it"; and instantly and before the plaintiff could get out of the way, though he jumped off at once, the man with the hammer struck at the chisel, and a piece of steel flew into the plaintiff's eye, resulting in its total destruction. Upon examination of the chisel, it was discovered that a piece was chipped off the edge. The defendant sought to show that the tools were not defective or unsuited to the work, that it was necessary to strike hurriedly because of the expected approach of a train, that the plaintiff's injury might have been caused by a cinder from a passing train, and that he was not engaged, at the time he was hurt, in any work that required his presence at that place.

The verdict was in favor of the plaintiff for the sum of $1,425, and the defendant made a motion for a new trial, which was overruled, and it excepted.

R. F. LYON, for plaintiff in error.

J. W. ROBISON and M. G. BAYNE, *contra*.

SIMMONS, Justice, after reciting the above facts, said:

1. Several grounds of the motion for a new trial complain of instructions to the jury as to the right of the plaintiff to recover for negligence in the manner of handling the tools, as well as negligence in having used them in a defective condition. These instructions were alleged to be erroneous because it was not claimed in the plaintiff's declaration that his injury was caused by the improper handling of the tools. The declaration, however, charged negligence "in using the defective tools," and the plaintiff's evidence tended to show that the negligence consisted in the manner of using them, as well as in the fact of having used them in their defective condition; and this evidence was not objected to at the trial. If the allegations in the declaration did not cover negligence in the former respect as well as in the latter, the defendant ought to have objected or moved to rule it out. Had he done so, it would have been allowable for the plaintiff to amend so as to make the declaration more specific. But as the evidence on this point was allowed to come into the case and remain in it without objection, the court was authorized to charge the jury upon the case as developed by the proof. Where a party permits evidence to go to the jury without objection, upon a declaration that is ambiguous, and the jury find on such evidence, the party is not entitled to a new trial on the ground that the evidence does not correspond with the declaration, if the declaration could by amendment have been made to clearly cover the evidence; and certainly, if the jury could consider the evidence, the court was authorized to charge upon it as a part of the case. *S., F. & W. Railway Co.* v. *Barber*, 71 *Ga.* 644(2), 648; *Howard* v. *Barrett*, 52 *Ga.* 15; *Ga. R. Co.* v. *Lawrence*, 74 *Ga.* 534;

*Ocean S. Co.* v. *Williams,* 69 *Ga.* 251(4a), 261 ; *Haiman* v. *Moses,* 39 *Ga.* 708 ; Pomeroy, Rem. & Remed. Rights, §554 *et seq.* And see *Central R. Co.* v. *Hubbard,* 86 *Ga.* 627, and cases cited.

2. Certain instructions which are substantially set out in the second head-note, are complained of, but it is not specified in what respect they were erroneous. The rule given in charge is undoubtedly correct, and we can discover no error in its application to the case. There was a direct conflict between some of the witnesses in their testimony upon material issues in the case, and where the testimony is irreconcilable, it is the right of the jury to believe the witness or witnesses whom they consider most worthy of belief; and in order to arrive at a conclusion as to which are most worthy of belief, they may apply the tests laid down by the court in these instructions.

3. It is complained that the court instructed the jury upon the hypothesis that the plaintiff, at the time of the injury, was actually using the tools himself, although there was nothing in the case to justify such a charge, his theory of the case being that he was injured by the tools while they were being used by others, and there being no evidence that he was then using them himself. It is true the evidence shows that the plaintiff was not actually using the tools at the time he was injured, but was merely standing by ready to assist others who were using them, but we fail to see how the defendant could have been injured by these instructions. To treat the plaintiff as actually using the tools certainly did not place him upon a more favorable footing than that which he would have occupied if he were regarded as merely present ready to assist others but not handling them himself.

4. The court charged : " If this plaintiff is free from fault or negligence which caused or contributed to this

accident, and has shown you that by the evidence, if all of the evidence in the case, taken together, satisfies you that the plaintiff was free from fault or negligence which caused or contributed to this accident, he would be entitled to recover; unless you find from the evidence that the defendant was also free from all fault or negligence which caused or contributed to the accident, and in that event he could not recover." It is complained that the court erred in not charging the jury in this part of his charge and in this connection, " unless you should find from the evidence that the plaintiff could have avoided the consequences of the defendant's negligence by the use of ordinary care on his part." There was nothing in the evidence to call for a qualification of this kind in the instructions given. According to the evidence, the tools, even if defective in the respects claimed, could have been used safely if used with due care and caution; and the plaintiff was not bound to anticipate that they would be used in any other manner. Until it became apparent that they were being used, or about to be used, carelessly and negligently, it was not incumbent upon him to guard against the consequences of their use in that manner. The rule which requires one to avoid the consequences of another's negligence does not apply until he sees the danger or has reason to apprehend it. It is unquestioned in this case that if the danger was at all apparent, the injury followed so closely that there was no sufficient interval in which to guard against it. The qualification which the plaintiff in error insists should have been given, would therefore have been inapplicable.

5. Other objections to the charge of the court relate to instructions as to the measure of damages. It is complained that the court used the language, "enlightened and impartial consciences of the jury," instead of "the enlightened conscience of impartial jurors," as con-

tained in the statute, in giving the rule by which the jury were to be governed if they should award damages for pain and suffering ; also that the court failed to add in this connection, that they should take into consideration "the worldly circumstances of the parties, the amount of bad faith in the transaction," and that " all the attendant facts should be weighed." It is also complained that the court erred in charging the jury, without such further explanation as would prevent misapprehension, that they should " look to how much the plaintiff will probably be incapacitated as he grows older, by increasing years "; the objection being that they might have inferred from this that he would be entitled to greater damages as he grew older and became more incapacitated for work. It is unnecessary to discuss these objections. The charge as a whole upon the subject of damages was fair and legal, and did not mislead the jury. The amount of damages awarded was little enough for the total loss of the plaintiff's eye, and the pain and suffering thereby occasioned, as well as the permanent impairment of his capacity for labor. From what has been said in the preceding parts of this opinion, it will be seen that there was sufficient evidence to uphold the verdict. Accepting the finding of the jury as to the facts, the cases of *Nelms* v. *Railroad Co.*, 83 *Ga.* 70, and *McNally* v. *Railroad Co.*, 86 *Ga.* 262, cited by counsel for the plaintiff in error as controlling this case, are clearly distinguishable. In the *Nelms* case the defect in the tool was latent, while in the present case it was patent. In the *McNally* case the swage was in average condition, and the plaintiff was merely a visitor to the shop, his place of labor being elsewhere. There was no error in overruling the motion for a new trial, and the                    *Judgment is affirmed.*