## MACON & INDIAN SPRINGS ST. RY. CO. *v.* HOLMES.

1. In a suit against a street-railroad company for personal injuries resulting by its car coming in contact with one who was undertaking to cross its track, the plaintiff can not recover if, by the exercise of ordinary care, he could have avoided the consequences of defendant's negligence at any time after such negligence had become apparent or he had reason to apprehend its existence. The following charge of the court, without qualification, was therefore error: "Indeed, the plaintiff could recover if the injury was inflicted under these circumstances, if his going upon the track had been in the exercise of ordinary care, notwithstanding he may have been himself in some degree of negligence. If his going upon the track was proper, under the evidence, in that it was not contrary to the exercise of ordinary care, and he was injured thereafter, he would be entitled to recover, even though you should believe he was at some fault himself in failing to avoid the injury."

2. After the plaintiff has become apprised of the existence of defendant's negligence of which he complains, if he could avoid its consequences by the exercise of ordinary diligence and fails to do so, such negligence on his part will defeat a recovery. It was therefore error for the court to charge the jury as follows: "If he was advised of the defendant's negligence, the moment he was so advised, or the moment he had reason to apprehend the defendant's negligence, he was bound from that moment to exercise ordinary diligence to keep from receiving any injury by reason of the negligence of the defendant, and to the extent he failed to exercise such diligence he would be negligent. Such negligence would not defeat his recovery, but would lessen it in accordance with what you believe its proportion bore to the defendant's negligence."

3. It does not follow, as a matter of law, that it is the duty of a conductor of a street-railroad car to observe the track in front of the car and that portion of a street contiguous to the track on either side.   In the absence of any proof showing that he was under any obligation of this kind, it was error for the court to instruct the jury that such was his duty, and that a failure in its discharge would be negligence.

4. The evidence not demanding the verdict for the plaintiff, above errors in the charge of the court excepted to by the defendant require the grant of a new trial.

Argued February 5, — Decided March 23, 1898.

Action for damages.   Before Judge Ross.   City court of Macon.   June term, 1897.

*Dessau, Bartlett & Ellis,* for plaintiff in error.
*Guerry & Hall,* contra.

Lewis, J.   This was an action for damages on account of personal injuries alleged to have been sustained by the plaintiff by reason of his being struck by a street-car of the defendant while he was attempting to cross the track of its railway. Plaintiff's contention was, that as he was approaching, upon a public street in the city of Macon, the track of the street-railroad company, his view was obstructed by some wagons on the street and near the track, which prevented him from seeing any distance in the direction from which defendant's car was coming; that he was partially deaf, did not hear the running of the car at all, and did not know of its approach until he was struck just as he was about to leave the track; that the motorman knew of his impaired hearing; that he was running at a reckless and dangerous rate of speed; and that he did not give the alarm by ringing his bell which plaintiff could have heard.   The defendant contended, on the other hand, that it did not observe plaintiff until it was too late to prevent the accident; that the alarm was duly given of the approach of the car, which was running at a moderate rate of speed, four miles an hour; that it exercised due diligence; and that the accident was unavoidable.   It further contended that the motorman was watching out ahead; and that the conductor was engaged inside of the car, and consequently did not observe the plaintiff at all until after he was injured.   The plaintiff obtained a

verdict for $700.00; and defendant's motion for a new trial being overruled, it excepted.

1, 2. Among the grounds of the motion for a new trial, error was alleged in the following charge of the court: "If he [the motorman] failed to do those things which ordinary care would have prompted a person in his position, and with his knowledge of the plaintiff, to do, and by reason of his failure to observe those duties the plaintiff was injured without fault on his part, the plaintiff can recover. Indeed, the plaintiff could recover if the injury was inflicted under these circumstances, if his going upon the track had been in the exercise of ordinary care, notwithstanding he may have been himself in some degree of negligence. If his going upon the track was proper, under the evidence, in that it was not contrary to the exercise of ordinary care, and he was injured thereafter, he would be entitled to recover, even though you should believe he was at some fault himself in failing to avoid the injury." Also, in charging: "Because the rule which requires one to avoid the consequences of another's negligence does not apply until he sees the danger, or has reason to apprehend it. Therefore, if the plaintiff was properly on the track, he is not chargeable with negligence in failing to avoid the injury from the running of the cars, unless he failed to exercise due diligence to avoid the consequences of the defendant's negligence, if the defendant was guilty of any negligence, after such negligence was known to the plaintiff, or he had reason to apprehend it. You will therefore look to the testimony to see whether the plaintiff, if he was properly upon the track in the beginning, ever had any reason to apprehend his danger; see if he was ever advised of the defendant's negligence, provided you believe the defendant was guilty of any negligence. If he was never advised of the defendant's negligence, or had reason to apprehend it, then he would not be chargeable with any consequences in failing to avoid the result of the defendant's negligence. If he was advised of the defendant's negligence, the moment he was so advised, or the moment he had reason to apprehend the defendant's negligence, he was bound from that moment to exercise ordinary diligence to keep from re-

42

ceiving any injury by reason of the negligence of the defendant, and to the extent he failed to exercise such diligence he would be negligent. Such negligence would not defeat his recovery, but would lessen it in accordance with what you believe its proportion bore to the defendant's negligence."

The principle announced in the first headnote is too well established, both by the statute and the decisions of this court, to require any elaboration. Some confusion is liable to arise, even in the legal mind, on account of the apparent conflict in the two provisions of the Civil Code, one relating to the doctrine of contributory negligence, which does not necessarily defeat a recovery, but reduces the amount which the plaintiff would otherwise be entitled to recover; the other relating to the rule upon the subject of exercising ordinary care to avoid an injury, and declaring that a failure in this particular on the part of the plaintiff will entirely defeat a recovery. A party can not be charged with the duty of using any degree of care or diligence to avoid the negligence of a wrong-doer until he has reason to apprehend the existence of such negligence. No one can be expected to guard against what he does not see and can not foretell. The rule, therefore, which requires one to exercise ordinary care and diligence to avoid the consequences of another's negligence necessarily applies to a case where there is opportunity of exercising this diligence after the negligence has begun and has become apparent. In the case of *Central R. R. Co.* v. *Attaway*, 90 *Ga*, 661, it is expressed in this language by the present Chief Justice: "The rule which requires one to avoid the consequences of another's negligence does not apply until he sees the danger or has reason to apprehend it." In the case of *Americus R. R. Co.* v. *Luckie*, 87 *Ga.* 7, the same idea is expressed by Justice Lumpkin in the following language: "It seems to be the clear meaning of our law that the plaintiff can never recover in an action for personal injuries, no matter what the negligence of the defendant may be, short of actual wantonness, when the proof shows he could by ordinary care, after the negligence of the defendant began, or was existing, have avoided the consequences to himself of that negligence." On the other hand, while the facts and circumstances

of the case might show that the injured party could not have avoided, by the exercise of due care, the consequence of the wrong-doer's act, yet they may further show that the plaintiff, by his own negligence, contributed to the injury; as, for instance, where one voluntarily places himself in a place of peril, but at the same time there is nothing to put him upon notice of any negligent act of a wrong-doer which really causes the injury. The effect of the contributory negligence of the plaintiff in such a case would not be to defeat, but simply to diminish a recovery for the injury sustained. Applying this principle to the charge of the court first above quoted, there was manifest error. Under the instruction of the court, if the plaintiff had been in the exercise of due care up to the time of going upon the track, no amount of negligence on his part thereafter could possibly have defeated a recovery. Of course, there was as much reason for the plaintiff to exercise ordinary care and diligence to avoid the consequences of the defendant's act after he was on the track as there was before he placed himself in this perilous position. In the first portion of the second charge quoted the law is correctly stated, but in the latter part of the quotation a principle was enunciated directly in conflict with the law; for the court charged the jury, in effect, that the plaintiff, from the time he was apprised of defendant's negligence, or had reason to apprehend it, was bound to exercise ordinary diligence to avoid the consequences of such negligence, "and to the extent he failed to exercise such diligence he would be negligent." This was immediately followed by the declaration that such negligence (i. e. a failure to exercise ordinary diligence to avoid the injury) would not defeat his recovery, whereas he should have charged exactly the opposite. In the case of *Americus R. R. Co.* v. *Luckie*, 87 *Ga.* 6, above cited, it was held by this court, that where the judge charged the rule on the subject of exercising ordinary care and diligence, and in the same connection, and without any explanation, charged also the law with reference to contributory negligence, it was reversible error; the error consisting in stating two distinct rules of law in the same connection, and thus qualifying the one by the other, which was not the purpose of the statute.

The error in this case is much more palpable; for while the judge started out to lay down the correct rule of law in the charge excepted to, he ended by stating a rule directly contrary to the provisions of the statute.

3. The plaintiff in error also excepted to the following charge of the court: "It is the duty of the motorman and conductor of electric street-railway cars to observe the track in front of the cars, and that portion of the street contiguous to the track on either side, with whatever degree of minuteness and care and concern which you believe a prudent man, with the responsibility of running an electric street-car down a street, as the evidence shows you this was, would have exercised; and if the motorman and conductor, or either of them, failed in the discharge of that duty, it would be negligence, and if that negligence caused an injury by the running of its car upon the plaintiff in the street, the defendant would be liable, unless the plaintiff could have avoided the injury by the exercise of ordinary care on his part." There is no testimony whatever in the record, imposing upon the conductor the duty of "observing" the track in front of the cars, "and that portion of the street contiguous to the track on either side." The law not expressly imposing any such obligation, the question as to what the duties of this employee were in this particular was one of fact, and a subject-matter of proof. This charge was open to the objection, not only that it was an expression of an opinion upon the facts, but really an opinion not sustained by any of the testimony. There was no pretense on the part of the defendant company that its conductor, on this particular occasion, was on the lookout in the direction in which the car was going. On the contrary, the testimony showed that he was engaged inside of the car, and did not observe the plaintiff until after the injury. Hence, under this charge, the conclusion that the defendant was negligent was inevitable, and it was therefore clearly erroneous.

4. Other than as above dealt with, there was no merit in any of the exceptions taken to the rulings or charge of the court. The testimony in this case did not demand a verdict

for the plaintiff; and the errors in the charge of the court above set forth require the grant of a new trial.

　　　　*Judgment reversed. All the Justices concurring.*