### WESTERN & ATLANTIC RAILROAD CO. *v.* FERGUSON.

1. The duty imposed by law upon all persons to exercise ordinary care to avoid the consequences of another's negligence does not arise until the negligence of such other is existing, and is either apparent, or the circumstances are such that an ordinarily prudent person would have reason to apprehend its existence.
2. Failure to exercise ordinary care on the part of the person injured, before the negligence complained of is apparent, or should have been reasonably apprehended, will not preclude a recovery, but will authorize the jury to diminish the damages in proportion to the fault attributable to the person injured.
3. The evidence authorized the verdict, and the discretion of the trial judge in refusing a new trial will not be controlled.

Argued April 3, — Decided July 17, 1901.

Action for damages.    Before Judge Fite.    Whitfield superior court.    December 3, 1900.

*Payne & Tye* and *R. J. & J. McCamy,* for plaintiff in error.
*Hoke Smith & H. C. Peeples,* contra.

COBB, J.    Ferguson sued the railroad company for damages alleged to have resulted from personal injuries received by him on account of the negligent operation of one of the defendant's trains. The plaintiff recovered a verdict, and the defendant's motion for a new trial, based on the general grounds only, having been overruled,

it excepted. The evidence introduced in behalf of the plaintiff made substantially the following case: On October 7, 1899, the plaintiff was struck and injured by one of the defendant's trains. On the date named the plaintiff desired to take this train for Atlanta, which was due at Dalton at 7:10 in the morning, plaintiff knowing that the train was due to arrive at that time. A short time before the train was due, plaintiff came out of a barber-shop and started to walk obliquely along a footpath toward the depot to take the train. It was raining slightly, and the plaintiff was carrying a raised umbrella over his head. There was a side-track along by the side of the defendant's freight-depot, between the barber-shop and the main track, and extending a few feet beyond the freight-depot. It was necessary to cross the main track in order to reach the passenger-depot, and plaintiff intended crossing the main track lower down than the end of the side-track beyond the freight-depot. Walking in an oblique direction, plaintiff's face was in a direction diagonally across the track, and his side was toward a train which would approach from the north. There were some freight-cars on the side-track. When plaintiff reached a point ten or twelve feet beyond these cars, from which he could see 150 to 200 feet up the main track, he looked up the track and saw no train approaching. His watch indicated that it would be four minutes before the train was due, though plaintiff was unable to say whether the engineer had the same time that he had. After looking up the main line and seeing no train approaching, plaintiff walked casually along toward the main track, at the rate of two and one half to three miles an hour, eight or ten steps, or about thirty feet, and, without looking further to see if a train was approaching, stepped upon the main track at a place where it was usual and customary for foot passengers to cross, and was struck by the train, which had run 150 to 200 feet while plaintiff walked thirty. There was an ordinance of the city of Dalton prohibiting the running of trains, at the place where the plaintiff was struck, at a greater speed than four miles an hour, and the train which struck the plaintiff was running at a speed greatly in excess of that limit. Had the train been run at four miles an hour the plaintiff could have gotten safely across the track before the train reached the point where he was injured. Plaintiff was given no warning of any kind of the approach of the train.

In the case of *Americus R. Co.* v. *Luckie*, 87 *Ga.* 7, Mr. Justice Lumpkin used the following language: "It seems to be the clear meaning of our law that the plaintiff can never recover in an action for personal injuries, no matter what the negligence of the defendant may be, short of actual wantonness, when the proof shows he could by ordinary care, after the negligence of the defendant began, or was existing, have avoided the consequences to himself of that negligence." This language can convey no other impression than that, in cases of the character referred to, the duty on the part of the plaintiff to use ordinary care for his protection against the consequences of the defendant's negligence does not arise "until after the negligence began, or was existing." The ruling in the *Luckie* case was approved in terms in the case of *Brunswick Railroad Co.* v. *Gibson*, 97 *Ga.* 497, where Mr. Chief Justice Simmons used the expression above referred to, saying that "the plaintiff in an action against a railroad company for personal injuries can not recover, even though the company may have been negligent, if, after the negligence of the defendant began or was existing, the person injured could by ordinary care have avoided the consequences to himself of that negligence." In the case of *Central Railroad Co.* v. *Attaway*, 90 *Ga.* 661, the present Chief Justice used the following language: "The rule which requires one to avoid the consequences of another's negligence does not apply until he sees the danger or has reason to apprehend it." In the case of *Comer* v. *Barfield*, 102 *Ga.* 489, Mr. Justice Fish says, in substance, that if one who was injured by the negligence of another used proper diligence, as soon as his peril was apparent, to avert the catastrophe, it could not be said that by ordinary care he might have avoided the consequences of the other's negligence. In *Macon Railroad Co.* v. *Holmes*, 103 *Ga.* 658, Mr. Justice Lewis says: "A party can not be charged with the duty of using any degree of care or diligence to avoid the negligence of a wrong-doer until he has reason to apprehend the existence of such negligence. No one can be expected to guard against what he does not see and can not foretell. The rule, therefore, which requires one to exercise ordinary care and diligence to avoid the consequences of another's negligence necessarily applies to a case where there is opportunity of exercising this diligence after the negligence has begun and has become apparent." From the expressions used and the rulings made

in the cases cited (and there are many others where similar expressions are used and similar rulings made) the rule of force with reference to the subject under investigation seems to be well settled, and may be thus stated: The duty imposed by law upon all persons to exercise ordinary care to avoid the consequences of another's negligence does not arise until the negligence of such other is existing, and is either apparent, or the circumstances are such that an ordinarily prudent person would have reason to apprehend its existence. In such cases and in such cases only does the failure to exercise ordinary care to escape the consequences of negligence entirely defeat a recovery. In other cases, that is, where the person injured by the negligence of another is at fault himself, in that he did not, before the negligence of the other became apparent, or before the time arrived when as an ordinarily prudent person it should have appeared to him that there was reason to apprehend its existence, observe that amount of care and diligence which would be exercised under like circumstances by an ordinarily prudent person, such fault or failure to exercise due care and diligence at such a time would not entirely preclude a recovery, but would authorize the jury to diminish the damages "in proportion to the amount of default attributable to" the person injured. *Comer* v. *Barfield,* supra; *Macon R. Co.* v. *Holmes,* supra; *Macon R. Co.* v. *Johnson,* 38 *Ga.* 409.

In some jurisdictions the mere failure to stop, look, and listen, by one who is about to cross a railroad-track, is negligence per se; and this is true notwithstanding that at the place where the person was about to cross there is imposed upon the railroad company, by statute or otherwise, the duty of giving signals as to the approach of trains to such places. In other jurisdictions it is held that the mere failure to stop, look, and listen will not amount to negligence per se, but the question whether it is such negligence as will defeat a recovery is one of fact to be determined by a jury, after taking into consideration all of the circumstances of the case. 2 Am. & Eng. Enc. L. 429 et seq. Even in the jurisdictions last referred to, among them being our own State, the rule is settled, that one about to cross a railroad-track must use his senses in the way that an ordinarily prudent person would under similar circumstances use them in order to determine whether it would be safe to cross at that time and place; and this is true notwithstanding the

company may be by law required to give signals, slacken speed, or do such other acts as would, if faithfully performed, render improbable, if not impossible, injury to any one crossing the track. At common law, if the negligence of the plaintiff contributed to the injury, he could not recover.   This doctrine, referred to usually as that of Contributory Negligence, is not the law of this State; but the doctrine referred to often as that of Comparative Negligence is the rule of force here.   This rule authorizes a recovery by the plaintiff although he was at fault, provided he was injured under circumstances where, by the exercise of ordinary care on his part, he could not have avoided the consequences of the defendant's negligence.   See Civil Code, §§ 2322, 3830.   If the plaintiff knows of the defendant's negligence, and fails to exercise that degree of care and caution which an ordinarily prudent man would exercise under similar circumstances to prevent an injury which will result from such negligence, it is well settled that he can not recover.   See *Ga. R. Co.* v. *Neely,* 56 *Ga.* 544; *Central R. Co.* v. *Harris,* 76 *Ga.* 508; *Americus R. Co.* v. *Luckie,* 87 *Ga.* 6; *Briscoe* v. *Railway Co.,* 103 *Ga.* 224, 227; *Central R. Co.* v. *Dorsey,* 106 *Ga.* 826, 828; *Hopkins* v. *Railway Co.,* 110 *Ga.* 85, 88.   If the negligence of the defendant was existing at the time that plaintiff was hurt, and he, in the exercise of that degree of care and caution which an ordinarily prudent person would exercise under similar circumstances, could have discovered the defendant's negligence, and, when discovered, could, by the exercise of a like degree of care, have avoided the same, then he can not recover.   See *Atlanta R. Co.* v. *Loftin,* 86 *Ga.* 43, 45; *Americus R. Co.* v. *Luckie,* supra; *Bruns. R. Co.* v. *Gibson,* 97 *Ga.* 489, 497; *Cain* v. *R. Co.,* Id. 298; *W. & A. R. Co.* v. *Bradford,* 113 *Ga.* 267.   If at the time of the injury an ordinarily prudent person, in the exercise of that degree of care and caution which such a person generally uses, would have reasonably apprehended that the defendant might be negligent at the time when and place where the injury occurred, and, so apprehending the probability of the existence of such negligence, could have taken steps to prevent the injury, then the person injured can not recover, if he failed to exercise that degree of care and caution usually exercised by an ordinarily prudent person to ascertain whether the negligence which might have been reasonably apprehended really existed.   See *W. & A. R. Co.* v. *Bloomingale,* 74

*Ga.* 604, 611; *Smith* v. *R. Co.*, 82 *Ga.* 801; *Jenkins* v. *R. Co.*, 89 *Ga.* 756; *Central R. Co.* v. *Attaway*, 90 *Ga.* 657, 661; *Macon St. R.* v. *Holmes*, 103 *Ga.* 655; *Lloyd* v. *R. Co.*, 110 *Ga.* 167.

If there is anything present at the time and place of the injury which would cause an ordinarily prudent person to reasonably apprehend the probability, even if not the possibility, of danger to him in doing an act which he is about to perform, then he must take such steps as an ordinarily prudent person would take to ascertain whether such danger exists, as well as to avoid the consequences of the same after its existence is ascertained; and if he fails to do this, and is injured, he will not be allowed to recover, if by taking proper precautions he could have avoided the consequences of the negligence of the person inflicting the injury. A railroad-track is a place of danger, and one who goes thereon is bound to know that he is going into a place where he is subject to the dangers incident to the operation of trains upon that track. See, in this connection, *Comer* v. *Shaw*, 98 *Ga.* 545; *Lloyd* v. *R. Co.*, 110 *Ga.* 167. This is true without regard to the place where the track is, whether in the country, where pedestrians are not expected to be, or at a public road crossing, or at a street crossing, or at the stations and depots of railroad companies, where persons are expected and invited to be present, — no matter where the track is located, any person who goes upon the same is bound to know that he is going upon a place where his presence would be attended with more or less danger. What would or would not amount to negligence in the manner in which a person entered upon a railroad-track would depend, to a large extent, upon the peculiar location of the place at which he went upon the track. An ordinarily prudent person in the possession of all his faculties would not attempt to cross a railroad-track at any place without using at least his sense of sight, if not that of hearing, to determine whether at the time and place he was about to cross the same there were present any of those dangers which a person of ordinary intelligence would reasonably apprehend. In *Central R. Co.* v. *Smith*, 78 *Ga.* 700, it was in effect held that one is not bound to anticipate negligence when the law commands diligence for his protection at the hands of another; Mr. Chief Justice Bleckley in the opinion in that case saying: "If [the plaintiff] had been on the crossing, or at any place he was by right entitled to be, he would have been war-

ranted in assuming that the whole world would be diligent in respect to him and his safety." We do not understand this rule to mean that it is an act of ordinary prudence for a person to go blindly into a place which may or may not be dangerous, simply because the law has commanded those in charge of such place to do certain things which if faithfully performed would render improbable, if not impossible, injury to any one at that place. Ordinary care would itself require the use of the senses to ascertain whether there was at the particular time any danger in going into the place. An ordinarily prudent person would necessarily apprehend the possibility of danger, and would always act on such apprehension and use his senses to determine whether or not it was safe to go into the place at the time that he was seeking to enter the same.

Applying the principles above referred to to the facts of the present case, we find that the plaintiff was about to cross a railroad-track at a place where he was entitled to cross; that he knew that it was near the time for a train to approach; that he looked up the track in the direction from which the train was expected, and saw no train approaching; that he could see such a distance along the track that it would be impossible for a train, if running within the limit of speed prescribed by the ordinance of the city in which the track was located, to reach the place at which the plaintiff intended to cross the track before the plaintiff reached that point; that, acting upon the assumption that the train would approach in the manner prescribed by the ordinance, he walked a very short distance, being occupied only a few moments in doing so, and, without looking again to see if the train was approaching, stepped upon the track, and was struck by a train running at a high rate of speed. While there was a conflict in the evidence on some points, there was evidence from which the jury could find the facts to be as above stated, and we must deal with the case in its most favorable light for the plaintiff. It was the duty of the plaintiff, before he attempted to cross the railroad-track, to at least use his senses to determine whether there was any danger in such act. He complied with this duty, and his circumstances were such that if the employees in charge of the train had operated it as they should have done, in conformity to the city ordinance, injury to him at the time and place that he stepped upon the track was an impossibility. After having looked up the track, and being able to see the distance that

he said he could see, the plaintiff, there being no evidence showing that he had any reason to anticipate the contrary, had a right to assume that the persons in charge of the train would not violate the city ordinance regulating the rate of speed, and in acting upon this assumption it would seem that he was not guilty of negligence when he stepped upon the track. But even if it can not be said that he was entirely free from fault, neither can it be said that he failed entirely to exercise the care and prudence which an ordinarily prudent person would exercise for his own protection under similar circumstances. There was no error of law complained of, and the verdict in the plaintiff's favor has met with the approval of the trial judge, and we can not say that it is entirely unsupported by evidence. For this reason we will not interfere with the discretion of the trial judge in refusing to grant a new trial.

*Judgment affirmed. All the Justices concurring.*