19612.  PETTY *v.* LOUISVILLE & NASHVILLE RAILROAD COMPANY.

BROYLES, C. J.  1. The following charge was not error for any reason assigned: "The law requires that one about to cross a railroad-track must use his or her sense of sight and hearing in the way that an ordinarily prudent person would under similar circumstances use his or

her sense of sight and hearing in order to determine whether or not it would be safe to cross or go upon such track at that time and place. And this is true notwithstanding the railroad may by law be required to give signals of the approach of its trains to a crossing, or to do such other acts as would, if faithfully performed, render improbable, if not impossible, injury to any one crossing said track." *W. & A. R. Co.* v. *Ferguson,* 113 *Ga.* 708, 711 (39 S. E. 306, 54 L. R. A. 802); *Metropolitan St. R. Co.* v. *Johnson,* 90 *Ga.* 500 (16 S. E. 49).

2. Under section 4424 of the Civil Code of 1910, a child may recover for the homicide of his mother (the mother leaving no husband or other children) without showing that he was dependent upon her and that she contributed to his support. It follows that in this case the trial judge erred in charging the jury that before the plaintiff could recover he must prove that he was dependent upon his deceased mother and that she contributed to his support. However, that error was cured by a subsequent charge which informed the jury of the court's error and gave the correct law on the subject.

3. In the light of the facts of the case and the charge as a whole, the other alleged errors in the charge show no cause for a reversal of the judgment. This was not a close case. The verdict in favor of the defendant was supported by the great preponderance of the evidence, which clearly showed that the homicide sued for could have been avoided by the exercise of ordinary care on the part of the deceased. The refusal to grant a new trial was not error for any reason assigned.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED MAY 15, 1929.

*W. C. Martin, W. E. & W. G. Mann,* for plaintiff.
*Tye, Thomson & Tye, J. G. B. Erwin, C. N. King,* for defendant.