31412. ECONOMY GAS & APPLIANCE COMPANY *v.* KINSLOW.

DECIDED OCTOBER 18, 1946.

*A. C. Felton III,* for plaintiff in error.

*Sidney Moore, DeLacey Allen,* contra.

PARKER, J. The plaintiff in error (referred to herein as the company) contends first that Kinslow had a clear chance to avoid the consequences of the company's negligence, and voluntarily as-

sumed the risk of being hit and injured by going upon the highway after seeing the approaching truck. This contention is based on the rulings in *Simmons* v. *S. A. L. Ry.*, 120 *Ga.* 225 (47 S. E. 570, 1 Ann. Cas. 777), and *Hill* v. *L. & N. R. Co.*, 124 *Ga.* 243 (52 S. E. 651), cited by counsel. In each of those cases the party injured or killed was endeavoring to alight from a moving train, and we do not think that the holdings there are applicable here, where the facts are altogether different. It appears in this case that, as Kinslow came to the intersection of Peed's Mill Road and the highway, and was about to go upon the highway, he saw the company's truck approaching more than 300 feet from the intersection; but it is not alleged at what speed the truck was running when it was first seen by Kinslow. According to the petition, it was running about 45 miles per hour, alleged to be "a rapid and excessive rate of speed," when it struck Kinslow's truck; but the collision did not occur until after Kinslow had changed gears, and entered the intersection and crossed the south side of the highway "at a speed of less than 10 miles per hour," had turned to the left, and had gone west on the highway a distance of 46 feet. Under all the facts and circumstances as they appear in the petition, we do not think that it should be held as a matter of law that Kinslow in going upon the highway, assumed the risk of being injured, and that he failed to avoid the consequences of the company's negligence and for this reason can not recover. In the absence of allegations as to the speed of the company's truck when first seen by Kinslow, we do not think that the company's alleged negligence was apparent to him as he drove onto the highway; and a person can not be charged with the duty of avoiding the consequences of another's negligence when such negligence is not apparent. The real contention of the company seems to be, in effect, that the plaintiff in the trial court failed to exercise ordinary care for his own safety in voluntarily going upon the highway as the company's truck was approaching the intersection. In overruling the demurrer the court properly held that a person was not, as a matter of law, lacking in the exercise of due care for his own safety in merely entering a highway on which a truck was approaching more than 300 feet away.

The next contention of the company is that the petition shows

that the driver of its truck was confronted with a sudden emergency when Kinslow drove his truck onto the highway, and that a person so situated is not held to the same accuracy of judgment and the same quantum of care as would be required of him if he had time for deliberation.  The cases of *Pacetti* v. *Central of Ga. Ry. Co.,* 6 *Ga. App.* 97 (64 S. E. 302), and *Brown* v. *Savannah Electric & Power Co.,* 46 *Ga. App.* 393 (167 S. E. 773) are cited.  Counsel argues with much earnestness that the driver of the company's truck was coming down a hill at a speed of 45 miles per hour when the other truck entered the highway in front of him, and that this situation presented a sudden emergency as contemplated in the cases cited above.  As before stated, the petition does not allege that the company's truck was running 45 miles per hour when it was first seen by Kinslow, and when he entered the highway, and its speed could have greatly increased after it was first seen and before the collision.  Without reviewing the facts in the cases cited by counsel, it is sufficient to say that they are not like the facts in the case at bar; and although the sudden-emergency rule was correctly announced in those cases, it was held in each of them that whether or not the plaintiff acted under the compulsion of a sudden emergency was a jury question.  Applying those rulings to the present case, the lower court properly held in overruling the demurrer that the degree of care required of the defendant, even if the jury should find that he was confronted with a sudden emergency, was for the determination of the jury.  Both questions, that is, was the defendant confronted with a sudden emergency, and if so, did he exercise a proper degree of care thereafter, were left for the jury to decide.  The holding of the trial court was in accord with the general rule that questions of negligence are ordinarily for the jury, and courts will not undertake to decide them on demurrer except in palpably clear and indisputable cases.  *Howard* v. *Savannah Electric Co.,* 140 *Ga.* 482, 486 (79 S. E. 112); *Columbus R. Co.* v. *Berry,* 142 *Ga.* 670, 674 (83 S. E. 509); *Central of Ga. Ry.* v. *Hartley,* 25 *Ga. App.* 110(1) (103 S. E. 259); *Southern Ry. Co.* v. *Slaton,* 41 *Ga. App.* 759(3) (154 S. E. 718), and cases there cited.

The only case cited by counsel for the company in which the question of a sudden emergency as applied to the driver of an auto-

mobile was involved is *Cone* v. *Davis,* 66 *Ga. App.* 229 (17 S. E. 2d, 849). In that case the plaintiff was riding as a guest in an automobile, following closely behind that of the defendant which was being driven rapidly along a highway. It appeared that a hog darted out in front of the defendant, who applied the brakes to his automobile to avoid striking the hog, and that the automobile in which the plaintiff was riding collided with the rear of the defendant's automobile, and that the plaintiff was injured thereby. In reversing the judgment for the plaintiff against the driver of the car in front, this court properly held that under the facts of that case the driver was not negligent in applying his brakes to avoid striking the hog. The decision seems to have been based to some extent on the fact that the peril of a hog running across the road is not one ordinarily to be encountered or anticipated in driving along a highway; and that under the facts of that case the appearance of the hog in the road in front of the defendant's automobile was so sudden and unexpected as to create a real emergency, from which one might reasonably be expected to react instinctively as the defendant in that case did. We do not think that, under the allegations of the petition in the case at bar, it is analogous to the *Cone* case, or that the ruling therein is contrary to the ruling here, nor do we think that in the case at bar such an emergency sufficiently appears as would justify the dismissal of the case on general demurrer.

The court did not err in overruling the demurrer.

*Judgment affirmed. Sutton, P. J., and MacIntyre, J., concur.*