41022. PANNELL v. FUQUA.

DECIDED JANUARY 6, 1965—REHEARING DENIED JANUARY 20, 1965.

20

*Mundy & Gammage, William W. Mundy,* for plaintiff in error.
*Matthews, Maddox, Walton & Smith, Oscar M. Smith,* contra.

FELTON, Chief Judge. ■ Questions of diligence, negligence and proximate cause are ordinarily questions of fact for a jury, and will not be decided by the courts on demurrer except in palpably clear and indisputable cases. See cases annotated under *Code Ann.* § 105-201, catchwords "Question for jury" and *Code* § 105-203, catchword "Jury." In the present case the allegation that the defendant's speed was only 15 m.p.h. is almost enough to negative any negligence on his part. The allegations as to the defendant's having seen the child running toward the street and his knowing of the presence of children in that particular locale, however, raise a jury question as to whether his sudden stop and failure to warn the plaintiff thereof constituted actionable negligence, the degree of which depending upon their

determination of the plaintiff's status in the automobile. Even if the petition alleges a sudden emergency situation, whether or not such existed is still a jury question. *Economy Gas &c. Co. v. Kinslow*, 74 Ga. App. 418, 421 (39 SE2d 899); *Doyle v. Dyer*, 77 Ga. App. 266 (48 SE2d 488); *Shockey v. Baker*, 212 Ga. 106, 110, 111 (90 SE2d 654).

While there are a number of inaptly pleaded allegations in the petition which might be subject to attack by special demurrer, they are not sufficient to support the sustaining of the general demurrer. Although the petition does not specifically allege that the plaintiff and defendant were riding in an automobile or that the defendant was driving, inferences to this effect are demanded from the allegations that the plaintiff was sitting on the passenger's side of "said car" and that the defendant applied the brakes and stopped "said automobile." *Bivins v. Tucker*, 41 Ga. App. 771, 774 (154 SE 820). It is contended that there is no allegation that the defendant did apply his brakes with his full might; the petition alleges, however, that the defendant "failed to . . . bring his car under proper control thereby creating the emergency *which required him to apply his brakes with full might.* . ." (Paragraph 8 of the petition as amended.) The allegation, that at the time the defendant saw the little girl running toward the street his car was 70 feet or more from the point at which said child *would have entered* said street, while somewhat incomplete, is construed to mean that this point was in front of the automobile and the fact that it is not alleged whether or not she actually entered the street is immaterial, since it might be shown that the defendant had reason to apprehend that she was going to do so. Whether the defendant had the automobile under such control as would allow him to stop without suddenly applying the brakes and whether he had time in which to warn the plaintiff were issues to be decided by the jury under the then existing circumstances. The allegation that the defendant, in the exercise of ordinary care, should have anticipated that a child would run into the street, was supported by the allegations that the defendant knew that many children lived and played on that particular portion of that street, and that the defendant saw her from a distance

of 70 feet. The court therefore erred in sustaining the general demurrer to the petition as amended.

■ Special demurrer 2, which attacked the allegation concerning the defendant's failure to anticipate the child's running into the street, should have been overruled for the reason discussed in the latter part of Division 1 hereinabove.

Special demurrer 3 attacks the allegation that the defendant was not in the exercise of ordinary care for his own safety or for the safety of others, on the grounds that no facts are alleged to support the conclusion. As indicated previously herein, questions of diligence and negligence are for the jury, and the allegations concerning the speed of the automobile, the distance from which the defendant first saw the child and the knowledge of the possible presence of children in that area provide factors to be considered in determining whether there was failure to exercise ordinary care. Special demurrer 3 was improperly sustained.

The remaining special demurrers are addressed to allegations which, it is claimed, are not supported by other allegations, such as: failure to warn the plaintiff and failure to anticipate the child's running into the street. These issues must be determined by the jury, considering such evidence as may be presented on the matters of speed, distance and time.

For the foregoing reasons, the court erred in its judgment sustaining the general and special demurrers to the petition as amended.

*Judgment reversed. Frankum and Pannell, JJ., concur.*