41017.   SMITH, Administratrix v. 670 NEW STREET, INC.
41018.   SMITH v. 670 NEW STREET, INC.

DECIDED JANUARY 8, 1965—REHEARING DENIED
JANUARY 22, 1965.

*Bloch, Hall, Groover & Hawkins, Ellsworth Hall, III,* for plaintiffs in error.

*Martin, Snow, Grant & Napier, Hendley D. Napier,* contra.

RUSSELL, Judge. The only question before us, and one which the trial court decided in the negative (after having held originally that the petition stated a cause of action) is whether the three amendments subsequent to our first opinion remove the petition from the area encompassed by the law of the case which is that the plaintiff's injuries were due to her own negligence. The petitions have been materially amended deleting each allegation which this court in its first opinion depended upon for its conclusion that Mrs. Smith failed to exercise ordinary care for her own safety in the manner in which she placed her feet on the first step leading to her quarters. Our original opinion thus became a blueprint for change. Allegations construed to mean there was sufficient light are altered by the addition of a statement that it was a dark and cloudy day. Allegations construed as averring that the plaintiff knew of the general conditions existing at the time are modified by the following: "The petitioner was unaware of the dangerous conditions herein alleged, and said conditions constituted a hidden trap which could not have been discovered by petitioner in the exercise of ordinary care. Petitioner was in all respects in the exercise of ordinary care and diligence in using such steps for the purpose intended by the defendant and for safe passage by persons using the same in a normal and usual manner as was being done by the petitioner." Allegations construed to mean that the plaintiff caught her toe in the overhanging end of the pipe, and the statement that the plaintiff did not see the jagged end of the pipe because it was obscured by the concrete covering, without alleging any reason why she did not see the concrete covering, have been stricken, and the following was substituted: "At said time, the terra cotta pipe was still covered with a concrete covering, but a narrow jagged portion of said pipe extended beyond the covering for a distance of one inch. The protruding portion

of the terra cotta pipe was situated on the circumference or round of the pipe at a point between the top of the pipe and the middle or side of the pipe toward the driveway, was so situated as to be likely to catch the foot of one using the stairway and so situated that one using the step by approaching it from the direction plaintiff approached would view it against a background formed by the rise of the first brick step and by the remainder of the terra cotta pipe. The remainder of the terra cotta pipe was identical in color with said protrusion, and the protrusion and the brick forming the rise of the first step were both reddish and similar in color, so that the protrusion blended with said background and was visible only to one making a close studied inspection with concentrated attention. A brick wall, thirteen inches in height, lay along the easterly side of said stairway, and said wall completely blocked the view of the terra cotta pipe and its concrete covering by one approaching the stairway from an easterly direction until he was one or two paces from the terra cotta pipe . . . the wall . . . obstructed her view of the terra cotta pipe, and . . . the protrusion of the pipe blended with its background. Plaintiff placed her left foot on the surface of the first step . . . and sought to bring her right foot up to the same level. She raised her right foot so that it cleared the end of the concrete covering to the east and would not have been caught by the concrete, but the protruding jagged end of the terra cotta pipe caught the left side of the toe of her right shoe . . . causing her to lose her footing and fall down the entire flight of stairs."

A general demurrer to a negligence action will be sustained on the ground of contributory negligence only where it appears clearly, palpably and affirmatively that the plaintiff did not use the care that an ordinary person must be presumed to use to discover and avoid the negligence of another. *Misenhamer v. Pharr*, 99 Ga. App. 163, 166 (107 SE2d 875). The question is not whether the plaintiff might on inspection have ascertained the defect but whether he "knowingly and voluntarily takes a risk of physical injury the danger of which is so obvious that the act of taking such risk, in and of itself, amounts to a failure to exercise ordinary care and diligence for his own safety."

*City of Columbus v. Griggs,* 113 Ga. 597 (1) (38 SE 953, 84 ASR 257). "A person can not be charged with the duty of avoiding the consequences of another's negligence when such negligence is not apparent." *Economy Gas &c. Co. v. Kinslow,* 74 Ga. App. 418, 420 (39 SE2d 899).

This petition originally showed affirmatively that the plaintiff caught her toe in the open end of the drainpipe, at a time and place when it would be apparent to anyone using the step that there was an open drainpipe which must be stepped over to reach the tread of the step. As amended, the plaintiff alleges that she did not catch her toe in the open end of the pipe but on a one-inch projection of terra cotta pipe beyond the cement casing of the pipe, and that the projection was not apparent because it was a different color from the cement casing which enclosed the pipe and was the same color as the interior of the pipe and the step riser, and thus blended into its background. We do not think these changed allegations demand a finding as a matter of law that the plaintiff failed to exercise ordinary care for her own safety in failing to detect the alleged negligence of the defendant in maintaining a defective condition which, had it been known or apparent to her, she would then have a duty to guard against. Granting that the petition gives rise to an inference that the plaintiff had made previous use of the steps, she had no greater duty to give them close physical inspection on previous occasions than on the present one. The situation is the same as in *Findley v. Lipsitz,* 106 Ga. App. 24 (126 SE2d 299) wherein it is stated in the last paragraph: "Although the petition alleged that the plaintiff had ascended and descended the ladder 8 or 9 times and therefore might have had an opportunity to notice the slippery condition, it was also alleged that the substance was not readily visible, so the issues of whether the . . . plaintiff could have avoided the consequences of the defendant's negligence, if any, should have been submitted to a jury."

The trial court erred in sustaining the general demurrer to the petition.

*Judgment reversed. Nichols, P. J., and Hall, J., concur.*