41395. GRIFFIN v. CAMPBELL, by Next Friend.

DEEN, Judge. "Before negligence per se, or any other form of negligence, is actionable in a given case, it must appear that the broken duty was due the plaintiff personally or as a member of a class; also that it has directly and proximately caused legal injury to him." *Platt v. Southern Photo Material Co.,* 4 Ga. App. 159 (2b) (60 SE 1068). A defendant driving an automobile on the right side of a narrow asphalt street unmarked by a center line, which street is between 12 and 16 feet in width, and who is operating his vehicle in such manner that the left wheels are in the center or slightly to the left of the center of the street, is not negligent as to a plaintiff on a bicycle who suddenly approaches from a blind driveway on the right, since the position of the car in the center of the road would give the emerging cyclist more, rather than less, room in which to see and avoid the approaching car.

2. "The rule which requires one to avoid the consequences of another's negligence does not apply until he sees the danger

or has reason to apprehend it." *Central R. &c. Co. v. Attaway*, 90 Ga. 656, 661 (16 SE 956), cited in *Macon &c. R. Co. v. Holmes*, 103 Ga. 655, 658 (30 SE 563). Both the plaintiff and his sister testified that the plaintiff, a ten-year-old boy, coasted down a steep driveway leading from their residence to a street with the intention of crossing the street on the bicycle to a residence on the other side; that the street to the left of the driveway was completely obscured from view by a rock and high grass until one started to enter it, and that when they first saw the defendant's automobile approaching from the left it was about a foot away. A witness in the house next door from his front steps saw the impact and testified that when he first saw the car approaching, the plaintiff, who was just entering the street, braked and skidded the bicycle, and the defendant's car was at that time about three feet away, that the car "just about came to a dead stop" and that the skid threw the left side and left wheel of the bicycle into the automobile. The defendant testified he could not have seen the plaintiff until he got out into the street and that "all of a sudden, Randy Campbell appeared right in front of my right fender on a bicycle." All the testimony demands the conclusion that due to the blind intersection of the driveway with the street, the defendant would have no cause to apprehend the plaintiff's presence until the latter emerged from the driveway onto the street or at least onto the narrow shoulder of the road adjacent to it, at which time it was too late for either to avoid the collision. The fact that the defendant lived in the neighborhood and knew that there were children in the area placed an additional burden on him to drive cautiously, and if the driveway had been visible so that he might by looking at it have had reason to apprehend the approach of the plaintiff, a different situation would be presented, but this does not appear to have been the case here.

3. The jury was unable to agree on a verdict at the trial of the case, and the defendant moved for judgment notwithstanding the mistrial based on a previous motion for a directed verdict. The evidence is undisputed that the plaintiff's home was next to a corner lot; that the defendant had turned this corner into Wilson Street and was proceeding upgrade, and that this portion of the street was not within the city limits. The defendant placed his speed at 10 miles per hour,

the witness next door put it at 10 to 15, the plaintiff's sister stated he was not going over 20, and the plaintiff thought he was going about 20 miles per hour. He was either on the right side of the road or partly in the center of the street. When he saw the plaintiff emerging from the driveway on the right side into the street in front of his car he immediately applied his brakes and stopped without skidding. Defendant's witness said he had "just about come to a dead stop" at the time of impact between the left front of the automobile and the center of the bicycle and that, had the plaintiff not applied his brakes and skidded into the car, he might have gotten across in safety. There was no evidence that the defendant was speeding, that his car was not under control, that he had time to warn the plaintiff of the presence of his automobile by horn or otherwise, that his brakes were not functioning properly, or that he did not stop immediately on becoming aware of the plaintiff's presence. The uncontradicted evidence in this case is similar to that adduced by the plaintiff in *Richardson v. Barrett*, 90 Ga. App. 714 (3) (84 SE2d 120) which was held to authorize a verdict finding the defendant free from negligence. The evidence being undisputed, it follows that a finding in favor of the defendant was demanded.

The trial court erred in denying the motion for judgment notwithstanding the mistrial.

*Judgment reversed with direction. Felton, C. J., and Jordan, J., concur.*

SUBMITTED JULY 8, 1965—DECIDED SEPTEMBER 16, 1965—REHEARING DENIED OCTOBER 6, 1965.

*Rogers, Magruder & Hoyt, Dudley B. Magruder, Jr.,* for plaintiff in error.

*Marson G. Dunaway, Jr.,* contra.