## 75563. NEWMAN v. COLLINS.
(367 SE2d 866)

BEASLEY, Judge.

Newman sued Collins for injuries he received as a result of a collision between Collins' vehicle and McCorkle's.

On January 29, 1986, Ms. McCorkle's automobile required a battery jump start as she was leaving for work before 7:00 a.m. While proceeding down Howard Road in an easterly direction she braked to avoid another vehicle, her car stalled and she was unable to restart it. After several vehicles passed the disabled car, Newman stopped to inquire if he could help. Upon being informed of probable battery trouble, he drove down the road, turned around and pulled his truck in front of Ms. McCorkle's easterly-headed car, facing it westwardly in a direct line about 4 feet away. The two vehicles were either partly or totally on the east-bound travel lane. About this time occupants of another vehicle who knew Newman were travelling east and stopped to ask if help were needed. Ms. McCorkle declined, and she and Newman stood between the two vehicles for the purpose of attaching the cables for a battery boost. Collins then arrived, also travelling east. He did not see the vehicles until too late, so that although he applied the brakes he crashed into McCorkle's car, driving it into Newman's truck and pinning Newman and McCorkle between their vehicles. Both were injured.

In answer to Newman's complaint alleging Collins' negligence, Collins denied the material allegations and contended that the cause of Newman's damages was his own negligence or that of someone other than Collins. A jury trial resulted in a verdict for defendant Collins, and Newman's motion for new trial was denied. On appeal, Newman enumerates as error instructions to the jury regarding avoidance of the consequences of defendant's negligence (if any), assumption of the risk by plaintiff, comparative negligence, and the duty of a person to not drive an unsafe vehicle. The primary ground asserted as to each instruction was that it was not supported by or adjusted to the evidence.

1. (a) The court instructed the jury: "the rule in Georgia is that the plaintiff cannot recover if by ordinary care he could have avoided consequences to himself of the defendant's negligence, if any, which he was aware of or reasonably could have discovered, as is the rule that to voluntarily encounter known danger amounts to a failure to exercise ordinary care for one's own safety."

Beside urging the inapplicability of this charge, Newman asserts it was given undue emphasis because it was repetitive of the court's previous charge that plaintiff could not recover if he could have avoided the consequences of defendant's negligence.

The Suggested Pattern Jury Instructions for Civil Cases contains

a charge on "avoidance of consequences" which includes the following caution: "However, the plaintiff's duty to exercise ordinary care to avoid the consequences of the defendant's negligence does not arise until the defendant's negligence exists, and the plaintiff knew, or in the exercise of ordinary care should have known of such negligence." This is a correct statement of the law of Georgia. See *Western & A. R. Co. v. Ferguson*, 113 Ga. 708 (1) (39 SE 306) (1900); *Macon &c. R. Co. v. Holmes*, 103 Ga. 655, 658 (1) (30 SE 563) (1898); *Petroleum Carrier Corp. v. Jones*, 127 Ga. App. 676, 682 (3) (194 SE2d 670) (1972).

Assumption of the risk involves plaintiff "voluntarily and unreasonably proceeding to encounter a known danger." *Deere & Co. v. Brooks*, 250 Ga. 517, 519 (2) (299 SE2d 704) (1983). Testing a known peril acts as a transition between the concepts of avoidance and assumption of the risk. "One who recklessly tests an observed and clearly obvious peril is guilty of lack of ordinary care," *Brooks v. Douglas*, 154 Ga. App. 54, 58 (2) (267 SE2d 495) (1980) [two judges only], and is guilty of such negligence "which will be deemed the proximate cause of his resulting injury, and, in the absence of wilful or wanton misconduct by the defendant, will preclude his recovery." *Laseter v. Clark*, 54 Ga. App. 669, 670 (1) (189 SE 265) (1936). On the other hand, plaintiff's assumption of the risk will bar his action even though there was wilful and wanton misconduct on defendant's part. *Roberts v. King*, 102 Ga. App. 518, 520 (1) (116 SE2d 885) (1960).

*Taylor v. Morgan*, 54 Ga. App. 426 (188 SE 44) (1936), and other cases, appear to blend or merge the two concepts of avoidance and assumption of the risk when they are separate and distinct. " 'Assumption of risk in its simplest and primary sense means that the plaintiff has given his express consent to relieve the defendant of an obligation of conduct toward him and to take his chance of injury from a known risk.' " *Owens-Ill. v. Bryson*, 138 Ga. App. 78, 79 (225 SE2d 475) (1976). Also, plaintiff with knowledge of the risk may be regarded as tacitly or impliedly agreeing to take his own chances. Id. p. 79. " 'In working out the distinction the courts have arrived at the conclusion that assumption of risk is a matter of knowledge of the danger and intelligent acquiescence in it.' " *Roberts v. King*, supra, 521 (1). The doctrine of "avoidable consequences" does not rest upon the idea that defendant is relieved of any duty toward plaintiff, but denies recovery for any damages which could have been avoided by reasonable conduct on plaintiff's part. *Osburn v. Pilgrim*, 246 Ga. 688, 695 (273 SE2d 118) (1980). Avoidance of the consequences involves the failure to take action to overcome defendant's negligence after it is actually discovered by plaintiff or might have been discovered by plaintiff's exercise of ordinary care. *Lanier v. Turner*, 73 Ga. App. 749, 753 (38 SE2d 55) (1946). "The rule which requires one to avoid

the consequences of another's negligence does not apply until he sees the danger or has reason to apprehend it." *Central R. &c. Co. v. Attaway*, 90 Ga. 656, 661 (16 SE 956) (1892). See *Griffin v. Campbell*, 112 Ga. App. 420 (2) (145 SE2d 659) (1965); *Smith v. 670 New Street*, 111 Ga. App. 35, 38 (140 SE2d 495) (1965); *Economy Gas & Appliance Co. v. Kinslow*, 74 Ga. App. 418, 420 (39 SE2d 899) (1946). Contrary to what appears to be the gist of appellant's argument, the "should have known" aspect of plaintiff's knowledge does not embrace a duty to *anticipate* that some *unspecified* member of the general public will or may be negligent.

Newman never had the opportunity to take any action after any negligent act on the part of Collins. He did not see Collins approaching nor were the circumstances such that an ordinarily prudent person would have seen him in time to act. Applying the standard of a reasonable man, avoidance of the consequences of what was happening was not pertinent nor relevant.

However, assumption of the risk of the circumstances existing when he placed himself into the picture was arguably a factor. The jury was authorized to find that by knowingly choosing to attempt to start the car while remaining on the roadway Newman unreasonably assumed the risk incident thereto, which would be a complete bar to recovery. Or it could have found that such action did not invoke a choice of an obviously perilous course of conduct with full appreciation of the danger involved. If the latter had been the jury's finding, then there would be no basis for precluding recovery. Of course, recovery could still be denied in such a situation, upon application of the comparative negligence rule.

By reiterating the charge on avoidance of the consequences by plaintiff of any negligence on defendant's part, the trial court could have only confused the jury as to a non-supported theory of the defense. The instruction was not adjusted to the evidence and was harmful, so a new trial is required.

(b) The next charge at issue is: "if there was anything present at the time and place of the alleged injury to the plaintiff which would have caused an ordinarily prudent person to reasonably apprehend the probability of danger to himself in doing an act which he was about to perform, then under the law he was required to take such steps as an ordinarily prudent person would take to ascertain whether such a danger existed and if he failed to do this and was injured and if by taking proper precautions he could have avoided the consequences to any negligence of the defendant which may have existed, the plaintiff in this case would not be entitled to recover."

This instruction was a substantial paraphrasing of *Western & A. R. Co. v. Ferguson*, supra at 713. Newman has not argued that it contained inaccurate expressions of the law and we do not address

such. Because there was evidence regarding whether Newman should have reasonably apprehended the probability of danger in attempting to jump-start the automobile while on the travelled portion of the road, the instruction was not subject to Newman's objection, which is that it was not adjusted to the evidence.

(c) The court instructed the jury that plaintiff could not recover if he voluntarily assumed a position of imminent danger where there was a place of safety accessible to him and by reason of assuming a dangerous position he was injured. Whether a dangerous situation existed which plaintiff knowingly chanced was a vital issue in the case, and the charge was adjusted to the evidence. Thus the charge complained of set forth principles pertinent to the theory of the defense and was not error.

2. The charge on comparative negligence, which tracked *Smith v. American Oil Co.*, 77 Ga. App. 463, 493 (2) (49 SE2d 90) (1948), was sustained by the evidence and not subject to the objection lodged against it.

3. The court instructed the jury essentially in the language of OCGA § 40-8-7: "No person shall drive or move on any highway any motor vehicle unless the equipment upon any and every motor vehicle is in good working order and the vehicle is in such safe mechanical condition as not to endanger the driver or other occupant [or] any person upon the highway." This instruction was given by the trial court while charging on the duties of the plaintiff and immediately preceding the instruction on comparative negligence.

The evidence revealed that Ms. McCorkle might have violated this law by driving her vehicle with a "bad" battery. There was no evidence that Newman was in any way responsible for her actions or had acted contrary to the law's proscription. Ms. McCorkle's use of a possibly defective battery did play a part in the case and was a cause of the collision. Nevertheless, not every cause, however remote, can be considered an effective cause of the final result — the actual or legal cause. *Atlantic Coast Line R. Co. v. Daniels*, 8 Ga. App. 775, 778 (70 SE 203) (1910). See OCGA §§ 51-12-8 and 9; *Blakely v. Johnson*, 220 Ga. 572, 574 (140 SE2d 857) (1965); *Church's Fried Chicken v. Lewis*, 150 Ga. App. 154, 157 (1) (256 SE2d 916) (1979). There are intervening acts between driving the alleged unsafe car and the collision. See *Union Carbide v. Holton*, 136 Ga. App. 726, 729 (1) (222 SE2d 105) (1975). See also *Firestone Tire &c. Co. v. Pinyan*, 155 Ga. App. 343, 347 (4) (270 SE2d 883) (1980). Thus, even as to Ms. McCorkle an issue exists as to the applicability of the statute to the question of her negligence. But she is not the plaintiff, Newman is. By its location within the charge and by the resulting emphasis, the instruction places a burden upon Newman not warranted by the evidence. The condition of Ms. McCorkle's car is a non-issue between Newman and

Collins. The instruction should not have been given without some indication that it applied only with regard to negligence other than that of plaintiff.

*Judgment reversed. McMurray, P. J., concurs. Sognier, J., concurs in the judgment only.*

DECIDED MARCH 17, 1988 —
REHEARING DENIED MARCH 30, 1988.

*James W. Ellison*, for appellant.
*Ronald C. Griffeth, Allen Evans*, for appellee.