42756. WARD v. WARD, Administrator, et al.

ARGUED MAY 2, 1967—DECIDED MAY 24, 1967.

*Russo & Russo, Lucio L. Russo,* for appellant.

*John R. Irwin,* for appellees.

FELTON, Chief Judge. ■ In accordance with the provisions of *Code Ann.* § 6-809 (a) (Ga. L. 1965, pp. 18, 29; Ga. L. 1965, pp. 240, 241; Ga. L. 1966, pp. 493, 500), this court ordered that defendant McLendon be served with a copy of the notice of appeal, as required by *Code Ann.* § 6-802 (Ga. L. 1965, pp. 18, 20; Ga. L. 1966, pp. 493, 495). The motion to dismiss on the ground of failure of such service is denied.

■ The fact that the petition is sought to be based upon a repealed statute—*Code Ann.* § 88-1111 (Ga. L. 1945, pp. 236, 241; Ga. L. 1953, pp. 140, 144), repealed by the enactment of the Georgia Health Code; *Code Ann.,* new title 88 (Ga. L. 1964, pp. 499, 656, Par. 56)—does not, of itself, necessarily make the complaint fatally defective. Where the pleadings show facts stating a cause of action or defense under any applicable public domestic statute, the courts will take judicial notice of such statutes, even where they are pleaded incorrectly or not at all. See 82 CJS Statutes 1019, 1021, §§ 442a, 443; *Sparks Specialty Co. v. Moss,* 110 Ga. App. 585 (139 SE2d 345).

■ Former *Code Ann.* § 88-1111 provides, in part: "If the parents of an illegitimate child marry and the father dies before the birth certificate has been corrected, his name may be entered

*by order of the* superior court." (Emphasis supplied.) The petition is contradictory in that, although Paragraph 6 thereof "asks" the court to correct the birth certificate pursuant to the above statutory provision, it contains no prayer therefor; furthermore, Paragraph 3 alleges that the plaintiff was born "as a result of the marriage" of Frank Ward, deceased, and his mother, which would make his birth legitimate. Under the new Georgia Health Code, supra, authority to establish new birth certificates following legitimation is vested in the Department of Public Health, *Code Ann.* § 88-1714 (a) (Ga. L. 1964, pp. 499, 588), based upon evidence provided in said subsection, including, in the alternative, evidence "that a court of competent jurisdiction has determined the paternity of such a person." § 88-1714 (a, 2). The only duties specified for the local custodians are to "file, record, and preserve copies of vital records and issue certified copies provided for by law." § 88-1706 (b) (Ga. L. 1964, pp. 499, 583). It appears, then, that the alteration of the birth certificate, sought by the plaintiff, can no longer be obtained by order of the superior court, but, rather by the Department of Public Health, which should have been made a party to such proceedings. This is true even if the petition is construed as an action to have the superior court determine the plaintiff's paternity, under § 88-1714 (a, 2).

■ ■ Even if the local custodian be considered the proper representative of the Department of Public Health for the purpose of the action as so construed, however, the plaintiff failed to prosecute his case as to him, which was the basis of the court's dismissal of the case as to the defendant local custodian.

■ Furthermore, the administrator of the plaintiff's deceased putative father was a necessary party to such a proceeding. Although originally made a party, the administrator was eliminated as such, under the Supreme Court's interpretation of the appellant's enumeration of errors, by appellant's failure to specifically enumerate as error the sustaining of the administrator's general demurrer as it relates to dismissal of the petition against the administrator, and not relating to the other defendant.

The petition, as brought, did not state a cause of action for statutory relief under the existing applicable statutes; therefore,

the court did not err in its judgment sustaining the general demurrer and dismissing the petition.

     *Judgment affirmed. Hall and Eberhardt, JJ., concur.*