45781.  LOWE et al. v. LOWE.

ARGUED NOVEMBER 9, 1970—DECIDED MARCH 11, 1971—
REHEARING DENIED MARCH 30, 1971—CERT. APPLIED FOR.

*Wyman C. Lowe,* for appellants.
*Jack D. Evans,* for appellee.

BELL, Chief Judge. ■ (a) This appeal is not subject to dismissal on the ground that the transcript was not filed in the trial court within 30 days after the filing of the notice of appeal. Appellant made an application for an extension of time to file the transcript before expiration of the 30-day filing period. Ga. L. 1965, pp. 18, 21, 26 (*Code Ann.* §§ 6-804, 6-806); *Elliott v. Leathers,* 223 Ga. 497 (156 SE2d 440).

(b) The order upon which the appeal is taken includes the direction that an accounting be had. Section 1 (a) 3 of the Appellate

Practice Act, as amended, specifies that an appeal may be taken from all judgments or orders "directing that an accounting be had." Ga. L. 1965, p. 18; Ga. L. 1968, pp. 1072, 1073 (*Code Ann.* § 6-701 (a 3). Thus there is an appealable judgment in this case.

■ It was not error to deny appellant's motion to abate this action on the ground of the pendency of a prior suit in a United States District Court between the same parties and for the same cause of action. It does not appear from the record that this case was not a pending suit in point of time prior to the suit in the Federal court. See *Code* § 3-607.

■ Any claimed defect in the service of the notice of intention to apply for a writ of partition was waived. Appellants appeared in court on the date set forth in the notice of intention. No defense on this ground was asserted in their responsive pleading nor was there a written motion to dismiss on this basis. *Code Ann.* § 81A-112.

■ The appellee named as the defendant co-owners of the real property, Mrs. Georgia Lowe Loftus, Wyman C. Lowe, individually and Wyman C. Lowe as temporary administrator of the estate of Roy E. Lowe, Sr. The latter two parties, the appellants here, filed objections and defenses to the application. Two of the objections complained of the non-joinder of necessary and indispensable parties, namely, Wyman C. Lowe, as executor of the will of Herbert Mell Lowe, and Mrs. Gladys Tresher, the widow of Herbert. It appears from the defensive pleadings and evidence adduced at a hearing held on the application that Herbert Mell Lowe acquired an interest in the realty which is the subject of this suit prior to his death in July, 1933, and that he died testate. Appellant Wyman C. Lowe and testator's widow were named in his will as co-excutors and were qualified when the will was probated, about ten days after his death. The widow was later removed as co-executor and Wyman C. Lowe has continued to be the executor to this time. It was alleged and evidence was received in support thereof that the estate of Herbert Mell Lowe is indebted to the estate of Roy Lowe, Sr., which debt has not been barred by the lapse of time; and that Herbert's interest in the land has remained vested in Wyman C. Lowe as the executor as trustee for the creditors and legatees under the will. It further appears that Herbert Mell Lowe's interest in the land was part of his residual

estate which by his will he left to his widow, Mrs. Tresher; and that Mrs. Tresher by quit-claim deed has conveyed all her interest in the land to the appellee applicant, Billie B. Lowe. With reference to Mrs. Tresher, appellants have repeatedly admitted in the lower court at the hearing and in their numerous briefs filed with this court that she has no interest in this property. Consequently, they will not be heard to complain that any error was committed by her non-joinder.

As to Wyman C. Lowe in his capacity as executor of his brother's estate, it has been held that an executor is a trustee having title to devised realty as well as to bequeathed personalty for the purpose of using the same to pay debts and legacies. *Blake v. Black,* 84 Ga. 392, 399 (11 SE 494). In *Hill v. McCandless,* 198 Ga. 737 (32 SE2d 774) it was held to be fatal in this type case to fail to make as a party a person who may have had an interest in the land sought to be partitioned. Wyman C. Lowe filed his objections as attorney pro se for himself individually and as the temporary administrator of the estate of Roy E. Lowe, Sr. Additionally, in this defensive pleading it was requested that an accounting as to rents and profits be required by the appellee on the allegation that an accounting will probably show that appellee owed the two individual parties and the *two* estates concerned more from rents and profits than the value of any interest he may have in this land. The trial court's order in part provides: "3. If it be determined by a jury that Billie B. Lowe has and owns an interest in said land, then an issue shall be made and determined by said jury as to the exact interest owned by all other persons and *estates* of persons," and that a further issue shall be made and submitted to the jury to determine all right of accounting by and among the following entities: "(a) Wyman C. Lowe, (b) Wyman C. Lowe, as Temporary Administrator of the Estate of Roy E. Lowe, Sr., (c) *Wyman C. Lowe, as Executor of the Will of Herbert Lowe,* (d) Georgia Lowe Loftus, (e) Billie B. Lowe." From this order it is clear that the court made Wyman C. Lowe as the executor of the will of Herbert Lowe a party to this action, something that he actively sought. Although appellant Lowe has attempted to limit his appearance in this case in the two capacities in which the notice of intention to seek partition was furnished, he went far beyond

that. It cannot be said that appellant Lowe, as the executor, was without notice of the intended action. He represents the two estates involved as well as himself. We believe that in effect, appellant Lowe's objections and defenses must be construed to include a motion to intervene in his capacity as executor of the will which the trial court granted by its inclusion of the estate of Herbert Lowe in its comprehensive order for a trial by jury of the issues made. *Code* § 85-1509 provides that "defendants or persons concerned, against whom or whose right or title a judgment is sought, may file objections" and defenses to the right of the applicant for partitioning whereupon an issue shall be made and tried by a jury. The prerequisites for intervention as set forth in Section 24 of the Civil Practice Act are substantially found to be present here. See Secs. 24 and 81 of the Civil Practice Act on intervention which provisions apply to this special statutory proceeding. *Code Ann.* §§ 81A-124, 81A-181.

There is no merit in this contention.

■ As we have held in Division 3 that Wyman C. Lowe, in his capacity as executor, was effectively made a party to this suit, there can be no error in including him in that capacity, along with the other parties, in that part of the court's order requiring an accounting.

The court's order to submit to the jury the question of an accounting between the parties was not erroneous for any reason advanced.

*Judgment affirmed. Quillian and Whitman, JJ., concur.*