47477.   PETROLEUM CARRIER CORPORATION OF
FLORIDA et al. v. JONES et al.

ARGUED SEPTEMBER 12, 1972—DECIDED NOVEMBER 7, 1972—
REHEARING DENIED NOVEMBER 30, 1972—

*Lawton, Sipple & Chamlee, Julian C. Sipple, Gustave R. Dubus, III,* for appellants.

*Jones, Kemp & Osteen, Charles M. Jones, Miller, Beckmann & Simpson, A. Martin Kent,* for appellee.

QUILLIAN, Judge. ■ ■ Counsel for the appellee, third-party defendant, contends that the appeal should be dismissed as to him for lack of the service provided in Section 4 of the Appellate Practice Act (*Code Ann.* § 6-802; Ga. L. 1965, pp. 18, 20; 1966, pp. 493, 495). The failure to serve the appellee is not ground for the dismissal of the appeal under Section 13 (a) of the Appellate Practice Act (*Code*

*Ann.* § 6-809 (a); Ga. L. 1965, pp. 18, 29; 1965, pp. 240, 241). See *Munday v. Brissette,* 113 Ga. App. 147, 150 (148 SE2d 55); *Turner v. Bogle,* 115 Ga. App. 710, 712 (155 SE2d 667); *Ward v. Ward,* 115 Ga. App. 778, 781 (156 SE2d 210). Court of Appeals Rule 12 (d 3) (*Code Ann.* § 24-3612 (d 3)) provides: "In the event it appears that service has not been perfected, if counsel for the appellee or cross appellee shall appear personally or by brief at the time of the call for argument, service shall be deemed to have been waived."

Where counsel for the third-party defendant appeared in this court and argued the merits of his claim both orally and by brief, it therefore appears that the third-party defendant was not harmed by the failure of service. The motion to dismiss the appeal is denied.

■ The trial judge dismissed the third-party complaint on counsel's oral motion based on the failure to serve the third-party defendant. Service in this case was made pursuant to *Code Ann.* § 68-801 et seq. (Ga. L. 1937, pp. 732, 733; 1964, p. 299; 1967, pp. 800, 801), which provides for service on nonresident motorists. Section 14 of the Civil Practice Act (*Code Ann.* § 81A-114; Ga. L. 1966, pp. 609, 627; 1969, p. 979) provides that a third-party defendant shall make his defenses to the third-party plaintiff claim as provided in Section 12 of the Civil Practice Act (*Code Ann.* § 81A-112; Ga. L. 1966, pp. 609, 622; 1967, pp. 226, 231; 1968, pp. 1104, 1106; 1972, pp. 689, 692, 693). Under that section all defenses to a pleading must be asserted in any required response to the pleading except that certain defenses, at the option of the pleader, may be made separately by a written motion. *Ghitter v. Edge,* 118 Ga. App. 750, 751 (165 SE2d 598). Among those defenses which may be made by written motion is included "insufficiency of service or process." The fact that such defense must be made either by a pleading or motion in writing is emphasized in 2A Moore's Federal Practice 2252, § 12.07. The rationale for this requirement is to provide notice to the opposite party.

It is true that at a hearing or during the trial certain

motions which otherwise should be in writing may be made orally. See Section 7 of the Civil Practice Act (*Code Ann.* § 81A-107 (7); Ga. L. 1966, pp. 609, 618; 1967, pp. 226, 230). However, we do not feel that the defense here raised comes within the scope of that rule. Hence, it was error for the trial judge to dismiss the third-party complaint on the defendant's oral motion predicated on insufficiency of service. See *Lowe v. Lowe*, 123 Ga. App. 525, 526 (181 SE2d 715). See also in this connection *Knight v. U. S. Fidelity &c. Co.*, 123 Ga. App. 833, 834 (182 SE2d 693), which pointed out that an objection to service is a matter in abatement.

The third-party defendant has obtained a certificate by the trial judge stating that he had before him and examined two general releases executed by the third-party plaintiff in favor of the third-party defendant. However, the trial judge expressly limited his ruling on the motion to dismiss to the ground of lack of jurisdiction. Thus, we do not consider the effect of such releases. This does not mean that upon the return of the case to the court below and upon motion properly made, the releases in question may not be utilized in defense to the action brought against the third-party defendant.

The trial judge's dismissal of the third-party complaint must be reversed.

■ The principal issue in this case is whether a guest passenger who undertakes to ride upon a highway with a driver whom he knows or should have known to be intoxicated is subject to the rule of comparative negligence as between him and the driver of another car. That is, should the negligence of the plaintiff be compared with that of the defendant under the factual situation with which we are herein presented? In support of their contention that the trial judge improperly struck their defense with regard to the plaintiff's comparative negligence, the appellants cite the following rule: "Although it is the rule in this State that the negligence of the driver of an automobile is not imputable to a person riding therein merely as a guest or

invitee, and that such a guest 'may, until he has notice to the contrary, assume that neither the driver nor others upon the highway will be negligent, and may also assume that the driver will exercise the proper care to avoid the negligence of others,' yet the guest can not close his eyes to known or obvious dangers arising either from the acts of the driver or from the acts of others, and if there is danger from either cause, and the circumstances are such that it would become apparent to a person of ordinary prudence in like circumstances, then it is the duty of the guest to do whatever . . . a person of ordinary prudence would or should do in the same or like circumstances." *Eddleman v. Askew,* 50 Ga. App. 540 (2) (179 SE 247). The appellee relies upon the rule set forth in *Fields v. Jackson,* 102 Ga. App. 117, 132 (115 SE2d 877): "The true rule in cases like this is, of course, that the negligence of the host driver is not imputable to the guest, and unless the negligence of the host driver constituted the sole proximate cause of the guest's injuries, a recovery by the guest against the driver of the other automobile whose negligence constituted a *proximate cause* of the guest's injuries is not barred or reduced under the comparative negligence rule by the mere fact that the host was also negligent." (Emphasis supplied.) See *Hirsch v. Chapman,* 109 Ga. App. 444 (2) (136 SE2d 409).

As can be seen from a close examination thereof, neither of these lines of cases is precisely in point.

Nevertheless, the issue involved here is an extremely narrow one, for the trial judge held: "The Comparative Negligence Rule shall not apply in this case because the negligence, if any, of the host driver may not be imputed to the guest. The defendants may, however, offer proof, if any they have, of plaintiff's son's lack of ordinary care, if any, which constituted a *proximate cause* of the collision." As set forth in the brief of defendants-appellants: "Defendants did not contend before Judge Caswell prior to his pre-trial orders that the failure of Johnnie Lee Jones to exercise ordinary care for his own protection and safety 'constituted a proximate cause of the collision.'"

In *Whatley v. Henry,* 65 Ga. App. 668, 674 (16 SE2d 214), it was held: "Comparative negligence by the plaintiff is that negligence which joins with the negligence of the defendant in *proximately causing* the injuries of the plaintiff and goes in reduction of the amount of recovery in proportion that the negligence of the plaintiff compares with that of the defendant, resulting, by reduction, in a bar of recovery when the negligence of the plaintiff is equal to or greater than that of the defendant." (Emphasis supplied.) In *Stukes v. Trowell,* 119 Ga. App. 651, 652 (168 SE2d 616), it was held: "Mere knowledge on the part of a passenger that the driver is under the influence of intoxicating beverages is not, as a matter of law, knowledge that such person is so much under the influence of intoxicants as not to be able to drive safely or with ordinary efficiency so as to make the passenger guilty of such lack of ordinary care for his own safety, or assumption of risk, as will bar a recovery against the driver for injuries occasioned by the driver's gross negligence." In such case the negligence of the driver and that of his guest may be compared. See *Trussell v. Lawrence,* 120 Ga. App. 39, 43 (169 SE2d 611).

Two things are therefore evident: (1) that the plaintiff is not precluded from recovering by knowledge that the driver of his vehicle is intoxicated, and (2) that the negligence of the plaintiff can be compared with that of the defendant only where the plaintiff's negligence was a proximate cause of the injuries suffered. This latter principle has been aptly stated by Presiding Judge Eberhardt in his special concurrence in *Brooks v. Williams,* 127 Ga. App. 311 (193 SE2d 231), to wit: that the alleged independent negligence of the guest may not be used as comparative negligence against the driver of the other vehicle involved unless it appeared that such negligence was at least a part of the proximate cause of the event which brought about the injury. See *Carter v. Powell,* 57 Ga. App. 360, 369 (195 SE 466); *Underwood v. Atlanta & W. P. R. Co.,* 105 Ga. App. 340, 362 (124 SE2d 758); *Americus, P. & L. R. Co. v. Luckie,* 87 Ga. 6, 8 (13 SE 105); *L. & N. R. Co. v. Stafford,* 146 Ga. 206, 209

(91 SE 29). The trial judge's order clearly stated the applicable principle of law and was not error for the reasons assigned.

It was likewise not error to refuse to permit the introduction of evidence in support of the stricken defense.

■ Enumerations of error 6 through 10 which complain of the failure to give certain requests to charge are without merit.

The contention made with regard to the applicability of the first sentence of *Code* § 105-603 is answered by the holding set forth in numerous decisions of the Supreme Court. "The duty imposed by law upon all persons to exercise ordinary care to avoid the consequences of another's negligence does not arise until the negligence of such other is existing, and is either apparent, or the circumstances are such that an ordinarily prudent person would have reason to apprehend its existence." *Western & A. R. Co. v. Ferguson,* 113 Ga. 708 (1) (39 SE 306, 54 LRA 802). See *Americus, P. & L. R. Co. v. Luckie,* 87 Ga. 6, supra; *Central R. & Bkg. Co. v. Attaway,* 90 Ga. 656, 661 (16 SE 956); *Macon & I. S. &c. R. Co. v. Holmes,* 103 Ga. 655, 658 (30 SE 563).

■ It is contended that the verdict of the jury in favor of the plaintiff was strongly against the weight of the evidence and that the defendant's motion for a directed verdict should have been granted. The evidence in this case did not demand a verdict in favor of the defendant and hence it was not error to overrule the motion for directed verdict.

*Judgment affirmed as to the plaintiff's recovery against the defendants. Judgment reversed as to the third-party complaint. Hall, P. J., and Pannell, J., concur.*