R. E. KING and W. J. Tennille, a partnership doing business as **Southern Crop Service, Plaintiffs-Appellants,**

v.

**AVTECH AVIATION, INC.,**
Defendant-Appellee.

No. 81–7146
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit B

Sept. 4, 1981.

Joseph H. Davis, Macon, Ga., for plaintiffs-appellants.

Neely, Player, Eichelberger, Hamilton & Hines, Welch, Edgar A. Neely, III Randall H. Davis, Atlanta, Ga., for defendant-appellee.

Before TJOFLAT, VANCE and THOMAS A. CLARK, Circuit Judges.

PER CURIAM:

This is an appeal from a summary judgment in favor of the defendant (appellee).

Because there are disputes which should have been presented to the jury for resolution, we vacate and remand.

Appellants Messrs. King and Tennille were the owners of a low-wing aircraft used in a crop dusting business in middle Georgia. Both were licensed and certified by the Federal Aviation Administration as mechanics and pilots. Appellee, Avtech, modified the aircraft at the request of appellants in March, 1978. After the modification appellants experienced difficulty with the carburetor on the engine and notified Avtech, who provided a replacement carburetor with a yellow tag attached containing information as to the make, serial and model numbers of the part, and a certification that such was repaired and inspected in accordance with current Federal Aviation Administration regulations and found airworthy for return to service. One side of this particular yellow tag, under the remarks section, contained the wording "overhauled and certified" on one line and beneath that in parentheses the word "gravity." A pressure carburetor was required for appellant's plane. The replacement "gravity" carburetor is intended for use on upper-wing aircraft with fuel tanks above engine level. The two types of carburetors are identical in size and appearance.

Tenille noted the tag generally but not the word "gravity." He installed the carburetor in the aircraft and, after a brief test flight during which the craft performed adequately, he loaded the plane with insecticide and took off on a crop dusting job. During the job the plane lost power and crashed. Damages were estimated at $42,000.00.

In the district court appellants pursued strict liability, implied warranty, and negligence claims. Appellee's motion for summary judgment was granted by the district judge who ruled that appellants had failed to avoid the consequences of the appellee's assumed negligence and thus could not recover in negligence as a matter of law. The court also found the strict liability and breach of warranty claims "without merit."

In Georgia there is a duty to exercise reasonable care to avoid the consequences of another's negligence. This duty arises when the negligence is either apparent, or the circumstances are such that an ordinary person would have reason to apprehend its existence. *Petroleum Carrier Corp. of Florida v. Jones,* 127 Ga.App. 676, 680, 194 S.E.2d 670, 674 (1972). It is important to note that the carburetor installed was identical in appearance to the one which should have been sent. Thus the threshold issue is whether a reasonable person under the circumstances here would have read the tag carefully enough to note the word "gravity."

In determining that the avoidance duty should be applied to appellants, the trial judge considered the experience and knowledge of Mr. Tennille. Since the importance of the gravity/pressure distinction was known, the court concluded that a reasonable person would have verified the carburetor as a pressure type. Nonetheless, there was evidence that Mr. Tennille had not had occasion to install a gravity flow carburetor for 15 years. Further, this part was forwarded to the appellants in response to a specific request for the part. Avtech had recently worked on the craft and was no doubt aware that it required a pressure carburetor. There was also evidence that the yellow tag is an indication of serviceability of a part in the aircraft industry.

It does not seem beyond dispute that a reasonable person under the circumstances would have checked the tag to see if the carburetor were a pressure type. Fed. R.Civ.P. 56 is rarely used in negligence cases. *See Gross v. Southern R.R.,* 414 F.2d 292, 296 (5th Cir.1969) (citing numerous authorities). The material facts are undisputed. Nevertheless, the crucial issue, the reasonableness of appellant Tennille's failure to read the tag carefully, is a question "the resolution of which requires the determination of the reasonableness of the acts and conduct of the parties under all the facts and circumstances of the case [and which] cannot ordinarily be disposed of by summary judgment." *Id.* at 296. In *Gross* this

court considered the Georgia avoidance doctrine and noted that the issue of the duty of avoidance lies peculiarly within the province of the jury to determine. *Id.* at 303.

[redacted] In support of his ruling that summary judgment was appropriate the trial court noted:

> [A]ny contention that a reasonable owner would not have examined the yellow tag prior to installation is additionally rebutted by F.A.A. regulations which require that the owner or operator of an aircraft be held primarily responsible for maintaining that aircraft in an airworthy condition. 14 CFR § 91.163. This section means that if an owner can discover an unsafe mechanical condition he cannot rely upon the assumption that the actions of a prior party have been free of negligence. In the instant case that is exactly what plaintiffs did; the court therefore holds as a matter of law that the plaintiff cannot recover on its negligence theory.

Record at 328–29. It is unclear in what manner the regulation rebuts the non-examination contention. Appellee does not contend, nor could it successfully do so, that violation of this regulation is negligence per se. The regulation is clearly aimed at safety but it does not require specific conduct and is far too broad to establish a standard of care.[1] Further, appellee would not seem to be within the class of persons which the regulation seeks to protect. *See generally* W. Prosser, Handbook on the Law of Torts § 36 at 192 (4th ed.1971). The Federal Aviation Administration is clearly concerned with the safety of the public but there is no indication that a supplier of parts is within the scope of agency concern. The regulation has relevance to the standard of care that should have been exercised by Tennille but it is certainly not conclusive as to whether his failure carefully to read the tag was unreasonable. We must disagree with the district court that appellants relied solely on an assumption; that assumption was buttressed by the similarity of the parts and the expertise of the appellee. The issue of negligence/avoidance should have been presented to the jury.

[redacted] This reliance on the appellee's expertise also supports the implied warranty as to fitness for a particular purpose claim of appellants. Ga.Code § 109A–2–315 (1978) provides in part:

> Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is . . . an implied warranty that the goods shall be fit for such purpose.

There was evidence to support the contention that Avtech had reason to know of the buyer's particular purpose in this case and that the buyer would probably rely on Avtech's skill or judgment to furnish the appropriate carburetor. This is particularly true in light of the previous relationship between appellant and appellee. Appellants called on Avtech to modify the craft and again when problems with the modification arose. As appellants argue in their brief, there is some validity to the contention that failure to read the entire tag was in itself evidence of reliance on the seller's skill or judgment. The summary judgment as to that claim must be vacated as well.[2]

The summary judgment is VACATED and the case REMANDED for further proceedings consistent with this opinion.

[redacted]

1. 14 C.F.R. § 91.163 (1980):

   (a) The owner or operator of an aircraft is primarily responsible for maintaining that aircraft in an airworthy condition, including compliance with Part 39 of this chapter.

2. Appellants in their brief indicate that they have abandoned their strict liability claim in that the replacement carburetor was not defective.