FALESOA (ROSA) UTU, Guardian ad Litem for
UIGAESE UTU, a minor; and FAATASIGA UTU,
Plaintiffs

v.

NATIONAL PACIFIC INSURANCE Co., TUA FALEMANU,
AMERICAN SAMOA GOVERNMENT, and IORAMO
TAGALOA, Defendants

High Court of American Samoa
Trial Division

CA No. 99-85

December 9, 1988

Before REES, Associate Justice, TAUANU'U, Chief
Associate Judge, and TUIAFONO, Associate Judge.

Counsel: For Plaintiffs, Togiola T.A. Tulafono
 For Defendants National Pacific Insurance
 and Falemanu, Roy J.D. Hall, Jr.
 For Defendant Tagaloa, Charles Ala'ilima
 For Defendant American Samoa Government,
 Martin R. Yerick, Assistant Attorney
 General and Robert A. Dennison,
 Assistant Attorney General

On Motion for Summary Judgment:

 Fatu Utu, plaintiffs' decedent, was a
passenger on an "aiga" bus owned by defendant Tua

89

Falemanu and insured by defendant National Pacific Insurance Co. On August 26, 1983, that bus was involved in a collision with a school bus driven by defendant Ioramo Tagaloa and owned by defendant American Samoa Government [A.S.G.]. Plaintiffs allege that an altercation between the drivers and passengers on the two buses led to their decedent's death. They further allege that defendants' negligent or intentional conduct caused Utu's death and seek to hold the defendants liable for loss of his comfort and support.

Each of the defendants has moved for summary judgment under T.C.R.C.P. Rule 56.[1] Under the rigorous standards of that rule, we are to grant judgment only if the pleadings and supporting papers demonstrate that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

Defendant A.S.G. has moved for summary judgment against all three plaintiffs. For the reasons set out below, this motion will be granted

---

[1] The motions were taken under advisement after a hearing on May 11, 1988. Unfortunately, the file in this action was not then sent to the judge's office for consideration of the motions, but was instead retained by the Clerk's office where it remained until late November when an attorney inquired concerning the status of the case. The Court apologizes to the parties and counsel for this delay.

as to decedent's wife, Fogaolo Utu,[2] but denied as to his children, Faatasiga Utu and Uigaese Utu.

The government contends that Fogaolo Utu's claim is time barred. We agree. The applicable statute of limitations provides that a "tort claim against the government shall be forever barred unless an action on it is begun within 2 years after the claim accrues." A.S.C.A. § 43.1204. The time at which a claim "accrues" would generally be a question of fact related to when a party discovered or should have discovered the harm sought to be redressed. Here there can be no question that plaintiff Fogaolo discovered her claim against the A.S.G. at least by August 14, 1984, because that is the date on which an administrative claim against the government was filed. The plaintiff did not name the A.S.G. as a party defendant until she filed an amended complaint on April 30, 1987. Nor has plaintiff demonstrated that the amended complaint ought to relate back to the filing of the original complaint. Thus, the two year limitations period had run and summary judgment will be granted against Fogaolo's claim.

---

[2] The government has questioned whether Fogaolo Utu remained a party to the suit after an amended complaint omitted her name from the case caption and failed to mention her in its body. Memorandum in Support of Motion for Summary Judgment, or for Dismissal, Utu v. National Pacific Insurance Co., CA No. 99-85, at 3 (April 29, 1988). Plaintiffs counter that the amended complaint did not supersede the original complaint and thus Fogaolo Utu remains a party. This contention is simply incorrect. An amended complaint does not merely supplement its predecessor. Rather, it replaces it. However, because the original complaint gave notice to defendants that the claims of Fogaolo Utu would be at issue in this proceeding, we would entertain a second motion to amend the complaint in order to include her or her representative as a party. (We note that the record of a related proceeding indicates that Fogaolo Utu has died. Petition for Appointment of Guardian Ad Litem, In re Uigaese Utu, PR No. 7-87 (April 27, 1987). Substitution of her estate in her place would thus seem to be in order.)

91

However, the statute of limitations has not run on either of the two children. Because different issues are raised, each child will be discussed separately.

Uigaese Utu is presently a minor. Our statutes provide that minors shall have one year "after the termination of [their] disability within which to commence any action regardless of any otherwise applicable limitation period." A.S.C.A. § 43.0126. We have recently held that when a minor sues the government the period set out in this statute prevails over the general period of limitations set out in A.S.C.A. § 43.1204 for tort claims against the government. Lutu v. American Samoa Government, 7 A.S.R.2d 61 (1988). In Lutu we reserved the question whether the limitation period begins to run upon the appointment of a guardian ad litem. In this case Uigaese has not yet reached his eighteenth birthday and the amended complaint was filed the day after the appointment of a guardian ad litem to sue in his name. Thus, whichever event commences the running of the statutory period, Uigaese has timely filed his suit.

Faatasiga Utu turned 18 on September 19, 1986. Because no guardian had been appointed during her minority, the limitations period commenced on that day. The amended complaint having been filed on April 30, 1987, her suit clearly falls within the one year period set forth in § 43.0126.

The government also argues that the plaintiff children have failed to exhaust their administrative remedies. The Government Tort Liability Act [G.T.L.A.] requires a plaintiff to file an administrative claim with the Attorney General's office prior to suing the government in court. A.S.C.A. § 43.1205(a). However, the claim filed on August 14, 1984 adequately notified the government of the nature of the children's claims. While it is true that the initial paragraph of that letter refers only to the widow Fogaolo Utu, the letter does go on to speak of the fact that decedent's "family suffered damages" (emphasis added). Given the informal nature of the proceedings described in § 43.1205, we think this notice adequate to exhaust administrative remedies.

The A.S.G. has set out additional grounds for summary judgment that we need not consider at great length. Liability under the G.T.L.A., depends upon a finding that the employee acted within the scope of his employment. The defendant bus driver's supervisor has submitted an affidavit stating that any use of the bus aside from transporting children to and from school was unauthorized and thus outside the scope of his employment. Affidavit of Luteru Fiso, Utu v. National Pacific Insurance Co., CA No. 99-85, at 2 (April 29, 1988). Leaving aside the question whether all unauthorized acts are necessarily outside the scope of one's employment,[3] we hold that plaintiff's assertion that the passengers on the school bus were government employees who had been working on the bus creates a factual issue on the scope of employment and precludes summary judgment on this issue. Response to Defendants' Summary Judgment or Dismissal, Utu v. National Pacific Insurance Co., CA No. 99-85, at 4 (May 27, 1988).[4]

---

[3] After all, no employee would be "authorized" to act negligently, yet clearly an act of negligence may be "within the scope" of one's employment.

[4] We note that plaintiff's attorney set forth this assertion in the "Response to Defendants' Summary Judgment or Dismissal." T.C.R.C.P. 56(e) provides specifically that once a party has moved for summary judgment based on affidavits, depositions, or answers to interrogatories, the non-movant may not merely rest on the allegations in his pleadings but must in turn set forth by affidavit, deposition, or answers to interrogatories specific facts based on personal knowledge that show that there is a genuine issue for trial. This rule has not always been enforced in the past. In this case we need not decide whether to enforce it, since we take judicial notice of the record in American Samoa Government v. Mulifai, CR No. 72-83, which contains some evidence for the assertions made by plaintiff's counsel. However, the Bar of American Samoa is advised that henceforth a party opposing another's motion for summary judgment will not be allowed to rest upon his pleadings or the assertions of lawyers who have no personal

93

The government further maintains that it is entitled to summary judgment because the G.T.L.A. has not waived sovereign immunity for "any claim arising out of assault [or] battery." A.S.C.A. § 43.1203 (b) (5). But the gravamen of plaintiffs' complaint is not that defendant Ioramo Tagaloa committed an assault or battery on decedent, but that as a result of the government employee's negligence Utu was killed. We do not read the "arising out of" language of the section so broadly as to preclude government liability for its employee's alleged negligence, merely because a consequence of that negligence was the intentional act of another person.

Finally, the government argues that as a matter of law plaintiffs cannot establish that an act or omission of Tagaloa was the proximate cause of decedent's demise. We initially note that, even where there are undisputed facts, because negligence actions revolve around the reasonableness of a party's conduct, they "'cannot ordinarily be disposed of by summary judgment.'" King v. Avtech Aviation, Inc., 655 F.2d 77 (5th Cir. 1981) quoting Gross v. Southern R.R., 414 F.2d 292, 296 (5th Cir. 1969). The A.S.G. bases its argument on the following assertions: that the school bus driver did not participate in the fight which followed the accident and left the scene immediately in order to call the police, and that Utu was slain while the bus driver was gone. Affidavit of Ioramo Tagaloa, Utu v. National Pacific Insurance Co., CA No. 99-85, at 1-2 (April 22, 1988). However, plaintiff counters with the assertion that Tagaloa knew or should have known of the belligerent nature of his passengers, which had apparently been fueled by alcohol, and should never have left the scene but should have stayed nearby in order to ensure the safety of the passengers on the aiga bus. Response to Defendants' Summary Judgment or Dismissal, supra, at 4. We agree with plaintiffs that the facts are susceptible of such an interpretation of what would constitute reasonable behavior.

Because defendant Tagaloa's own motion for summary judgment is grounded on the very same

knowledge of the facts.

affidavit and analysis rejected in the immediately preceding paragraph, it too must be denied.

Finally, defendant Tua Falemanu moves for summary judgment on the ground that any injury to Utu did not occur as a result of any breach of duty for which he ought be held responsible.[5] He contends that Utu's injuries were caused solely by the criminal acts of others. However, we find that a genuine issue of material fact exists about the actions of Falemanu's employee, the driver of the aiga bus. First, we find merit with plaintiff's contention that a factual issue exists as to whether the bus driver attempted to flee the scene and abandon his passengers, thus breaching a potential duty of protection owed them. _See_ Partial Transcript of Trial Proceedings, Testimony of Enesi Ioramo, _American Samoa Government v. Mulifai_, CR No. 72-83, at 10 (January 6, 1984). Moreover, there is some evidence to suggest that Falemanu's employee contributed to the fracas by goading the passengers of the school bus on. According to the testimony of one of the assailants, the aiga bus driver said after exiting his vehicle: "Hey pretty soon somebody is going to get hurt." _Id_. at 9. Even if this is not viewed as instigation, it bespeaks a consciousness of the potential danger in the situation--knowledge which defendant now disclaims by stating he had no reason to foresee criminal acts by the passengers of the school bus.

For the reasons set out above, we grant in part the motion of the A.S.G. and deny the motions of the three other defendants.

It is so ordered.

---

[5] Because defendant National Pacific Insurance Co. has not advanced any grounds for relieving it of liability other than those advanced by Falemanu, the disposition of Falemanu's motion for summary judgment will necessarily apply to the Insurance Company as well.